UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80780-CIV-RYSKAMP/VITUNAC

ANTHONY W. ZINNI,

    Plaintiffs,

vs.

ER SOLUTIONS, INC.,

    Defendant.
_____/

**<u>ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION</u>**

THIS CAUSE comes before the Court pursuant to Defendant's motion to dismiss for lack of subject matter jurisdiction, filed February 23, 2011 **[DE 13]**. Plaintiff responded on March 14, 2011 **[DE 14]**. Defendant replied on March 24, 2011 **[DE 15]**. This motion is ripe for adjudication.

Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fl. Stat. §559.55, *et seq*., ("FCCPA"). Plaintiff claims that Defendant left messages on Plaintiff's telephone that did not disclose Defendant's identity. Defendant also allegedly caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass. Plaintiff seeks statutory damages, attorney's fees and costs under the FDCPA and FCCPA, plus injunctive relief under the FCCPA. Plaintiff is not seeking actual damages.

On January 10, 2011, Defendant made a written settlement offer to Plaintiff offering $1,001 to resolve Plaintiff's claims under the FDCPA, plus reasonable attorney's fees and costs to be determined by the court; and a separate offer in the amount of $1,001, plus reasonable

attorney's fees and costs as to be determined by the court, to resolve Plaintiff's FCCPA claims. On January 20, 2010, Defendant's counsel emailed Plaintiff's counsel to reiterate the offer. Plaintiff has not responded.

Defendant maintains that since it has offered everything that Plaintiff is entitled to under the FDCPA claim, there is no longer a federal claim in dispute. Accordingly, Defendant requests dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) are either "facial" or "factual." *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "Facial attacks" require the court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.)). "Factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (citing *Menchaca*, 612 F.2d at 511). When the attack is factual, as it is here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949 (1968); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When the case lacks a legally cognizable interest, a justiciable case or controversy no longer exists, and thus, the case should be dismissed for lack of subject matter jurisdiction. *Id.* If there is no live

controversy, the court must dismiss Plaintiff's claim as moot. *See National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it.") (internal quotation omitted); *Al Najjar*, 273 F.3d at 1336 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then case is moot and must be dismissed."); *Labora v. MCI Telecommunications Corporation*, No. 98-1073-CIV, 1998 WL 1572719, at *2 (S.D. Fla. July 20, 1998)("a case will be subject to dismissal on the grounds of mootness when a defendant satisfies the plaintiff's demand for relief"). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *See Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 159-160 (E.D.N.Y. 2003)(citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). Defendant offered more than Plaintiff is entitled to recover under the FDCPA , thereby mooting the FDCPA claim.

In *Davon Outten v. United Collection Bureau, Inc.*, No. 09-21817-CIV-GOLD (S.D. Fla. April 5, 2010), which involved the same Plaintiff's attorney, the Court dismissed the same FDCPA claim based upon mootness. Judge Gold stated that "[b]ecause Defendant offered to settle Plaintiff's FDCPA claims in their entirety, Plaintiff lacks a personal stake in the suit thereby rendering the FDCPA claims moot." Although the defendant in *Outten* did not make a Rule 68 Offer of Judgment, the court nevertheless found that the offer mooted plaintiff's FDCPA claim for statutory damages. *Id.* In *Brown v. Kopolow*, Case No. 10-80593-CIV-MARRA (S.D.

4

Fla. Jan. 25, 2011), which involved the same Plaintiff's attorney, Judge Marra dismissed plaintiff's FDCPA claim on grounds of mootness based upon a written settlement offer. Plaintiff argued that Rule 68 case law does not apply to informal settlement offers, but Judge Marra rejected that argument:

> The doctrine of mootness has its source in Article III of the United States Constitution, which provides that federal judicial power extends only to 'cases' or 'controversies.' This requirement limits federal courts to deciding 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'

*Brown*, at *7 (citing *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)).

Defendant argues that the FDCPA claim is not moot because Plaintiff seeks a judgment, not merely damages and fees. Section 1692k(1) of the FDCPA states that an individual may recover "any actual damage sustained by such person as a result" of the debt collector's failure to comply with the FDCPA. Section 1692k(2)(A) provides that a person may recover "such additional damages as the court may allow, but not exceeding $1,000." Section 1692k, however, does not provide that an individual is entitled to recover "a judgment" as part of his or her damages.

Plaintiff also maintains that Defendant's offer is unsatisfactory as there is no binding enforcement of the settlement: there is no stipulated payment date, no sanctions for non-payment or any interest on the amount if not paid. This argument is nonsensical. It is Plaintiff's failure to accept the offer that creates these issues in the first place. If Plaintiff accepts the offer, it becomes a binding agreement that can be enforced through a motion to enforce settlement. The FDCPA claim is dismissed with prejudice for lack of subject matter jurisdiction.

Plaintiff also alleges claims under the FCCPA.  A district court has "supplemental jurisdiction" over state law claims that are part of the same case or controversy as claims over which the district court has "original jurisdiction."  28 U.S.C. §1367(a).  A district court, however, "may decline to exercise supplemental jurisdiction over a claim" if the claim "raises a novel or complex issue of State law," or where all claims over which the district court has jurisdiction have been dismissed.  28 U.S.C. §1367(c).  Since Plaintiff's only federal law claim has been dismissed for lack of subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the FCCPA claim.  It is hereby

ORDERED AND ADJUDGED that Defendant's motion to dismiss for lack of subject matter jurisdiction, filed February 23, 2011 **[DE 13]**, is GRANTED.  The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 18th day of April, 2011.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE